# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

TURRELLE DANNAIL GIVENS                                         PLAINTIFF

v.                                    4:11-cv-00440-BRW-JTK

NURSE BRYANT, et al.                                          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Billy Roy Wilson.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of

> proof, and a copy, or the original, of any documentary or
> other non-testimonial evidence desired to be introduced at
> the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary

hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I.      Introduction

Plaintiff, an inmate confined at the Faulkner County Detention Facility, filed this pro se 42

U.S.C. § 1983 action, alleging violations of his Eighth Amendment rights.   By Order dated June 22,

2011 (Doc. No. 5), this Court granted Plaintiff's Motion to Proceed in forma pauperis in this lawsuit.

However, finding Plaintiff's complaint too vague and conclusory to enable the Court to determine

whether it was frivolous, malicious, or failed to state a claim, the Court directed Plaintiff to amend his

complaint.  Plaintiff filed an Amended Complaint (Doc. No. 9).

### II.     Screening

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner

complaints seeking relief against a governmental entity, officer, or employee.   28 U.S.C. §

1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims

that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted;

or (c) seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. §

1915(A)(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing <u>pro se</u>, his complaint must allege specific facts sufficient to state a claim. <u>See</u> <u>Martin v. Sargent</u>, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). In reviewing a <u>pro se</u> complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. <u>Denton v. Hernandez</u>, 504 U.S. 25, 32 (1992); <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).

## III.   Facts and Analysis

In his Amended Complaint (Doc. No. 9), Plaintiff states he was bit by a spider on May 13, 2011, and notified Defendant Biship, a Jail employee, who told Plaintiff to fill out a medical request form. Plaintiff then showed Defendant his bite the next day, and Biship again told Plaintiff to file a medical request. On May 15, 2011, Plaintiff woke up nauseous and dizzy and pushed on the bite until blood surfaced. He told Defendant Henderson, another Jail employee, about the bite and asked her to get the nurse, and Defendant told him he needed to fill out a medical request form. Plaintiff used "contraband needles to poke the bite" and took other inmate's pain pills until he saw the nurse on May 20, 2011 (Doc. No. 9, p. 5) At that time Nurse Bryant told him the bite was fine and he did not need to see the doctor and did not need medication. When he asked her why it took seven days to be seen, she told him because "peoples always circle emergency and it's usually not an

emergency." (Doc. No. 9, p. 5).  Plaintiff asks for monetary relief for pain and suffering.

In order to support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law deprived him of some Constitutional right.  Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993).  In order to state a claim for an Eighth Amendment violation, Plaintiff must allege and prove that Defendants were deliberately indifferent to a serious medical need.  Farmer v. Brennan, 511 U.S. 825, 834 (1994).  However, even negligence in diagnosing or treating a medical condition does not constitute a claim of deliberate indifference.  Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).  Rather, the "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation," Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995).  See also Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990) (holding that a mere disagreement with a course of medical treatment is insufficient to state a claim for relief under the Eighth Amendment). Furthermore, prison physicians are entitled to exercise their medical judgment, and "do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment." Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996).  In addition, an inmate who complains that a delay in medical treatment constitutes a constitutional violation must provide "verifying medical evidence" in the record to establish the detrimental effect of the delay, in order to succeed on his claim.  Beyerbach v. Sears, 49 F.3d 1324, 1326 (8th Cir. 1995) (overruled in part on other grounds).

The Court finds that Plaintiff's allegations fail to state a claim upon which relief may be granted.  First, Plaintiff does not allege that he submitted any medical requests to Defendant

Henderson and he does not allege that she deliberately denied him needed medical care and treatment for a serious medical need.  Rather, he admits self-treating himself for an insect bite, and that when she saw him, he did not need further treatment.  His disagreement with her decision not to prescribe him medication at that time does not support a claim for a constitutional violation.  <u>See Smith v. Marcantonio</u>.  In addition, the only allegations against Defendants Biship and Henderson, who are identified as Jail employees and not medical personnel, are that when he asked them about his bite, they told him to submit a sick call request.  This allegation also does not support a claim for deliberate indifference to a serious medical need.  Plaintiff's complaint about a delay in treatment also is not supported by an allegation that such delay caused his condition to worsen, and therefore, that also fails to state a constitutional claim.  Finally, although Plaintiff named two other individuals as Defendants in his original complaint (Sheriff Karl Byrd and Dr. Garry Steward), he does not include any allegations against them in his Amended Complaint.  Therefore, the Court finds that Plaintiff's Amended Complaint should be dismissed for failure to state a claim upon which relief may be granted.

## IV.    Conclusion

IT IS, THEREFORE,   RECOMMENDED that Plaintiff's Amended Complaint against Defendants be DISMISSED for failure to state a claim.

IT IS FURTHER RECOMMENDED that this dismissal constitute a "strike" within the meaning of 28 U.S.C. § 1915(g).[1]

---

[1] This dismissal may be considered as a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C § 1915(g), which provides that a prisoner may not file an <u>in</u> <u>forma</u> <u>pauperis</u> civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.

IT IS FURTHER RECOMMENDED that the Court certify, pursuant to 28 U.S.C. §1915(a)(3), that an in forma pauperis appeal from an Order and Judgment dismissing this action is not taken in good faith.

IT IS SO RECOMMENDED this 28th day of July, 2011.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE